# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1796
Lower Tribunal No. 22-035515DR C

_____

STEVEN SANZARO,

Appellant,

v.

KATHERINE GRACE CROWE,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
John S. Carlin, Judge.

March 21, 2025

PER CURIAM.

Steven Sanzaro challenges the trial court's final judgment of injunction for protection against stalking and raises three issues on appeal. We affirm as to all three, but we find one issue merits comment. As his first issue, Sanzaro argues the trial court erred in denying his request to appear telephonically at the final evidentiary hearing on Appellee Katherine Grace Crowe's petition for injunction for protection against stalking. We find Sanzaro's argument for reversal on this point fails under the applicable abuse of discretion standard.

On this record, we cannot say that "no reasonable man would take the view adopted by the trial court" or that the trial court's action was "arbitrary, fanciful, or unreasonable." *See Johnson v. State*, 397 So. 3d 626, 639 (Fla. 2024) ("[D]iscretion 'is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.'" (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980))). Accordingly, we affirm.

AFFIRMED.

WHITE and BROWNLEE, JJ., concur.
LAMBERT, B.D., Associate Judge, concurs in part, and dissents in part, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED
_____

LAMBERT, B.D., Associate Judge, concurring, in part, and dissenting, in part.

I concur with the majority opinion's affirmance on two of the three issues raised by Appellant for reversal. However, under the circumstances of the case, because I believe that the trial judge abused his discretion in denying the indigent, non-resident Appellant's motion to appear telephonically at the final hearing, I would reverse the final judgment of injunction for protection against stalking and

2

remand for further proceedings.[1]  Accordingly, I respectfully dissent as to the majority's affirmance on the first issue raised by Appellant in this appeal.

_____

Steven Sanzaro, Las Vegas, Nevada, pro se.

Katherine Grace Crowe, Bonita Springs, pro se.

---

[1] To be clear, I take no position on the merits of either Appellee's petition for the injunction or Appellant's defense to the petition.